**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Sharon F. Bruchac** |
| | Name: First        Middle        Last |
| Debtor 2 | |
| (Spouse, if filing) | Name: First        Middle        Last |
| Case number: | **19-40617** |
| (If known) | |

Check if this is an amended plan ☑
Amends plan dated: **April 15, 2019**

## Chapter 13 Plan

---

**Part 1:    Notices**

**To Debtor(s):**     This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.  Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:**     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

**Part 2:    Plan Payments and Length of Plan**

2.1     Debtor(s) will make regular payments to the trustee as follows:

**$1950** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2     Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☐        Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑        Debtor(s) will make payments directly to the trustee.
☐        Other (specify method of payment)

---

2.3     Income tax refunds and returns. *Check one.*

Case 19-40617-JJR13    Doc 31    Filed 05/31/19    Entered 05/31/19 10:28:32    Desc Main
Document        Page 1 of 8

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

_____

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4    Additional Payment** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below:
**Any non-exempt proceeds from any claim on behalf of the Debtor's deceased husband's injuries will be paid to the Chapter 13 Trustee.**

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment:

**2.5    Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3:   Treatment of Secured Claims

**3.1    Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2    Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below:
   1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
   2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
   3. are fully secured.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Case 19-40617-JJR13   Doc 31   Filed 05/31/19   Entered 05/31/19 10:28:32   Desc Main
Document   Page 2 of 8

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| PHH Mortgage | $0.00 | $77,908.33 | 231 Crawford Drive Springville, AL 35146 | $149,190.00 | 4.25% | $1,650.00 | At Confirmation |

**3.4**      **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

     ☑      **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**      **Surrender of collateral.** *Check one.*

     ☑      **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

---

**Part 4:**      **Treatment of Fees and Priority Claims**

**4.1**      **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**      **Chapter 13 case filing fee.** *Check one.*

     ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
     ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**      **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**0.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,500.00**, payable as follows (*check one*):

     ☐ $ at confirmation and $ per month thereafter until paid in full, or
     ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4**      **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

     ☑      **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**      **Domestic support obligations.** *Check one.*

     ☑      **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:**      **Treatment of Nonpriority Unsecured Claims**

**5.1**      **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2**      **Percentage, Base, or Pot Plan.** *Check one.*

     ☑      100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
     ☐      Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.
     ☐      Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.
     ☐      Base Plan. This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3**      **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

Case 19-40617-JJR13   Doc 31   Filed 05/31/19   Entered 05/31/19 10:28:32   Desc Main
Document     Page 3 of 8

☐   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☑   This plan proposes to pay interest at an annual rate of **5.25**% on allowed nonpriority unsecured claims.

**5.4**    **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5**    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1**    **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**    **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**Part 7:**   **Sequence of Payments**

**7.1**    **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

**Part 8:**   **Vesting of Property of the Estate**

**8.1**    **Property of the estate will vest in Debtor(s)** *(check one)*:

☑   Upon plan confirmation.

☐   Upon entry of Discharge

**Part 9:**   **Nonstandard Plan Provisions**

☑   **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

**Part 10:**   **Signatures:**

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

X ___*Sharon F. Bruchac*___     Date **5/30/19**
Sharon F. Bruchac

X _____     Date

**Signature of Attorney for Debtor(s)**
X ___*Robert C Keller*___     Date **5/30/19**
Robert C. Keller
315 Gadsden Highway
Suite D
Birmingham, AL 35235
(205) 833-2589

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

Case 19-40617-JJR13     Doc 31     Filed 05/31/19     Entered 05/31/19 10:28:32     Desc Main
Document     Page 5 of 8

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

IN RE:

SHARON F. BRUCHAC,         )

                                      Case Number: 19-40617-JJR-13

          Debtor.         )

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the First Amended Plan has been duly served upon Linda Gore, Chapter 13 Trustee, P.O. Box 1338, Gadsden, AL 35902, and on each creditor listed on the creditor's mailing matrix attached hereto and incorporated herein by reference, by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed this 31st day of May 2019.

Dated: <u>May 31, 2019</u>

Respectfully submitted,

Robert C. Keller
Attorney for the Debtor
315 Gadsden Highway, Suite D
Birmingham, AL 35235
(205) 833-2589

Label Matrix for local noticing
1126-1
Case 19-40617-JJR13
NORTHERN DISTRICT OF ALABAMA
Anniston
Fri May 31 10:22:44 CDT 2019

U. S. Bankruptcy Court
1129 Noble Street, Room 117
Anniston, AL 36201-4674

Capital Bank NA
1 Church Street
Suite 100
Rockville MD 20850-4190

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)CAVALRY PORTFOLIO SERVICES LLC
500 SUMMIT LAKE DR
STE 400
VALHALLA NY 10595-2322

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-2321

Chevron/Texaco Credit Bank
c/o Synchrony Bank
P.O. Box 965060
Orlando FL 32896-5060

Discover
c/o DFS-Services, LLC
P.O. Box 3025
New Albany OH 43054-3025

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

LVNV Funding, LLC
P.O. Box 10587
Greenville SC 29603-0587

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Michael Lindsey
Jauregui & Lindsey LLC
244 Inverness Center Drive, Suite 200
Birmingham AL 35242-4834

Midland Credit Management (MCM)
2365 Northside Drive, Suite 300
San Diego CA 92108-2709

Midland Funding LLC
PO Box 2011
Warren, MI 48090-2011

PHH Mortgage
P.O. Box 5452
Mount Laurel NJ 08054-5452

PRA Receivables Management
P.O. Box 12914
Norfolk VA 23541-0914

Paypal Buyer Credit
c/o Synchrony Bank
P.O. Box 965060
Orlando FL 32896-5060

Regional Finance
c/o Regional Management Corp.
979 Batesville Road, Suite B
Greer SC 29651-6819

Rise Credit
Attn: Bankruptcy Dept.
4150 International Plaza, Suite 300
Fort Worth TX 76109-4819

WalMart Credit Card
c/o Synchrony Bank
P.O. Box 965060
Orlando FL 32896-5060

Linda Baker Gore
NON-PAYMENTS: P.O. Box 1338
Gadsden, AL 35902

Robert C Keller
Russo, White & Keller
315 Gadsden Highway Ste D
Birmingham, AL 35235-1000

Sharon F. Bruchac
231 Crawford Drive
Springville, AL 35146-6448

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Cavalry Portfolio Services, LLC
PO Box 27288
Tempe AZ 85285-7288

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PHH Mortgage Corporation

End of Label Matrix
Mailable recipients    22
Bypassed recipients     1
Total                  23